THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
HARLEY SPAID *et al.,* Appellees.

*Opinion filed November 18, 1948.*

REYNOLDS M. EVERETT, State's Attorney, of Galva, for
appellant.

ROBERT H. WHITE, of Geneseo, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the
court:

The State's Attorney brought an action in *quo warranto*
in the circuit court of Henry County on behalf of the
People of the State of Illinois against appellees, Harley
Spaid, LeRoy Carlson, Peter Eckhout, Marie Ruxton and
Mrs. Selma B. Waterman, questioning their right or author-
ity to serve as commissioners of Henry Hospital Authority
which was established by order of the county judge of
Henry County on April 22, 1948, under the provisions of
"An Act in relation to hospital authorities" approved July
23, 1947. (Ill. Rev. Stat. 1947, chap. 23, pars. 163.1 to
163.19 incl.) The claim against appellees was that they
were usurping and unlawfully holding public office as such
commissioners within the area of the purported hospital
authority because the act under which that authority was
established was unconstitutional for a number of reasons.
The answer of appellees alleged justification under order
of court based upon the aforesaid act and claimed that the
act was constitutional in its entirety. The circuit court
ordered that the said hospital authority was legally organ-
ized and that the appellees were the duly qualified, ap-

pointed and acting commissioners thereof. The appeal comes directly here because a construction of the constitution is involved.

Appellants claim that the provisos in subdivisions 2 and 6 of section 3 of said act providing for a separate vote and canvas in the rural area are unconstitutional and void and are in contravention of section 2 of article II and section 22 of article IV of the Illinois constitution. They also contend that if any one or more of said portions of said act are unconstitutional then the entire act is unconstitutional.

These same questions concerning this act were before us and passed upon at the September, 1948, term of court in the case of *Grennan* v. *Sheldon, ante,* p. 351. We there held that the classification contained in the provisos of paragraphs 2 and 6 of section 3 of the act was an arbitrary one and without logical relation to the object or purpose of the act and was in contravention of section 22 of article IV of our constitution. We also held that the provisos and the remaining portions of the paragraphs in which they appear are mutually dependent upon each other, and in such cases it must be assumed that the legislature intended them as a whole. Other points were raised in that case which it was unnecessary to consider and they were not passed upon. Other points are raised in the present case which are not necessary to discuss. The *Grennan case* aforesaid having decided that the act here in question is unconstitutional, it is controlling in this case.

We are therefore of the opinion that the act upon which appellees rely is unconstitutional, that it furnishes no authority for their holding the office of commissioners of said Hospital Authority, and that said Henry Hospital Authority was unlawfully organized or created. The judgment of the lower court is reversed, and the cause is remanded with directions to enter judgment of ouster.

*Reversed and remanded, with directions.*